# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE AT NASHVILLE

| | | |
|---|---|---|
| **Clint Higham** | § | |
| | § | |
| *Plaintiff* | § | |
| **v.** | § | |
| | § | **Jury Demanded** |
| **Maytag Corporation** | § | |
| and **T&P S.p.A.** | § | |
| | § | |
| *Defendants* | § | |

## COMPLAINT

Plaintiff Clint Higham brings this lawsuit timely against Defendants Maytag Corporation and T&P S.p.A., and alleges the following:

## Parties

**1.** Plaintiff Clint Higham is a Tennessee citizen who resides in Brentwood, Davidson County, Tennessee.

**2.** Defendant Maytag Corporation is a Delaware corporation with its principal place of business in Benton Harbor, Michigan. This defendant can be served through its registered agent, Corporation Service Company at 2711 Centerville Road, Suite 400 in Wilmington, Delaware 19808.

**3.** Defendant T&P S.p.A. ("T&P") is an Italian corporation with its principal place of business at 21040 Venegono Superiore VA – ITALIA - VIA CESARE BATTISTI, 91. According to its website: "Since the '80s, the company has specialized in the construction of electromechanical components and plastic parts for washing machines and dishwashers . . . ." *See* http://www.tp-

spa.it/eng/chisiamo.asp. This company may be served though The Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, as ratified by Italy on or about November 25, 1981.

## Jurisdiction and Venue

4.      This Court has subject matter jurisdiction over this claim because the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a).

5.      This Court may exercise personal jurisdiction over the defendants because they reside, transact business, and/or committed one or more of the acts that give rise to this lawsuit, in Tennessee. In other words, the defendants have purposefully availed themselves of this forum such that they should reasonably anticipate proceedings against them here, and the exercise of jurisdiction over the defendants is reasonable and comports with traditional notions of fair play and substantial justice.

6.      Venue is proper in this district because this cause of action arose in Brentwood, Davidson County, Tennessee. *See* 28 U.S.C. § 1391(a)(2).

## Factual Allegations

7.      On or about December 7, 2011 Plaintiff Clint Higham owned a Maytag Model FAV6800AWW clothes washer with serial number 11778577EE (the "washer").

8.      On that day, neither the washer nor its components had been altered substantially since they were manufactured.

**9.** Nevertheless, that day, the washer malfunctioned and overflowed while in operation on the second floor of Mr. Higham's home.

**10.** Such a malfunction does not ordinarily occur in the absence of defect.

**11.** Mr. Higham's home is located in Brentwood, Davidson County, Tennessee. This is a true and correct photograph of the home exterior after the overflow:



**12.** The overflow was discovered hours after it started, and after it had done considerable damage to the home and its contents.

**13.** The following are true and accurate photographs of the Higham home interior after the overflow.

















**14.** All tolled, the damages caused by the overflow totaled $685,717.

**15.** Maytag Corporation designed, manufactured, marketed, and initially sold the washer.

**16.** T&P designed, manufactured, marketed, and initially sold the water inlet valve for the washer (the "valve"), shown here within the washer:





**17.**   And here, removed from the washer and disassembled:



**18.**   A more invasive and destructive forensic analysis of the T&P cold water inlet valve in the washer revealed the following internal anomalies, circled in red:









**19.**     These defects in valve seat circled above impaired the cold water

valve's ability to shut off water to the washer's wash tub.

**20.**     Based on its forensic investigation following the overflow, Maytag

tendered the defense of this claim to T&P seeking common law and contractual

indemnity on June 11, 2012.

**21.**     Maytag has not tendered its defense to any other washer component

manufacturer—despite forensically examining several other washer components,

including the washer's pressure level switch.

**22.**     T&P has yet to offer any alternative explanation for the overflow or

the obvious anomalies within the valve despite requests that it do so.

23.     Moreover, T&P valves have a history of failing: T&P itself has disclosed that its valves have been the subject of numerous other claims in just the few months leading up to the overflow:

| | |
|---|---|
| **From:** | elvio.ceruti@tp-spa.it |
| **Sent:** | Wednesday, February 01, 2012 8:36 AM |
| **To:** | Anthony J Miceli |
| **Cc:** | giampietro.pedrazzini@tp-spa.it; g.massaro@studiolegalemassaro mdurr@j-jlaw.com |
| **Subject:** | Rif: Re: In: I: Request for attendance at joint product inspection Higham ADC-114914 |
| **Attachments:** | pic16827.gif; pic09961.gif; pic00491.gif; pic02995.gif |

Mr. Miceli,

T&P never received the claim in object. Normally we receive the Whirlpool claims from Christina H. Atans, who is very careful in her job.
You may verify: the claim 11-ADC that we received from Whirlpool are:
11-ADC-106285              May 11, 2011

                                                        11-ADC-106399
June 14, 2011
                                                        11-ADC-109124
July 08, 2011
                                                        11-ADC-109453
August 08, 2011
                                                        11-ADC-110814
September 16, 2011
                                                        11-ADC-114400
November 30, 2011
At your disposal for all information that you need.

Best regards.

E. Ceruti

24.     Nevertheless, T&P and Maytag have refused to accept any responsibility for the damage caused by their respective products.

### Count I - Products Liability Against Maytag

25.     The washer is a tangible object or good produced.

26.     The washer is a "product," as that term is defined by section 29-28-102(5) of the Tennessee Code.

**27.**     Maytag was the washer "manufacturer," as that term is defined by section 29-28-102(4) of the Tennessee Code.

**28.**     Maytag was also the apparent manufacturer of the washer and all of its components.[1]

**29.**     Maytag was also a washer "seller," as that term is defined by section 29-28-102(7) of the Tennessee Code.

**30.**     The washer failed to perform in a manner reasonably expected in light of its nature and intended function when it failed and caused the December 2011 overflow at the Higham home.

**31.**     The washer had not been misused after its sale and prior to its failure.

**32.**     The washer failure was such that would not have occurred in the absence of a defect or unreasonably dangerous condition within the washer.

**33.**     The washer was unreasonably dangerous and/or defective.

**34.**     That unreasonably dangerous condition and/or defect proximately caused the overflow and damage to the Higham home and personal property, in violation of the Tennessee Products Liability Act of 1978, Tenn. Code Ann. §§ 29-28-101 *et seq*.

**35.**     Therefore, Maytag is liable to Higham for the aforementioned damages caused by the overflow.

---

[1]     *See Travelers Indemnity Company v. Industrial Paper & Packaging Corp*. No. 3:02-CV-491, 2006 WL 3864857 at *8 (E.D. Tenn. December 18, 2006).

## Count II - Products Liability Against T&P

**36.**    The valve is a tangible object or good produced.

**37.**    The valve is a "product," as that term is defined by section 29-28-102(5) of the Tennessee Code.

**38.**    T&P is the valve "manufacturer," as that term is defined by section 29-28-102(4) of the Tennessee Code.

**39.**    T&P is a valve "seller," as that term is defined by section 29-28-102(7) of the Tennessee Code.

**40.**    The valve failed to perform in a manner reasonably expected in light of its nature and intended function when it failed and caused the December 2011 overflow at the Higham home.

**41.**    The valve had not been misused after its sale and prior to its failure.

**42.**    The valve failure was such that would not have occurred in the absence of a defect or unreasonably dangerous condition within the washer.

**43.**    The valve was unreasonably dangerous and/or defective.

**44.**    That unreasonably dangerous condition and/or defect proximately caused the overflow and damage to the Higham home and personal property, in violation of the Tennessee Products Liability Act of 1978, Tenn. Code Ann. §§ 29-28-101 *et seq*.

**45.**    Therefore, T&P is liable to Higham for the aforementioned damages caused by the overflow.

## **Conditions Precedent**

**46.** All conditions precedent to bringing this lawsuit have been performed or waived.

## **Relief Requested**

Wherefore, Mr. Higham respectfully requests that he be awarded more than $685,177 in damages sustained as a result of the defendants' actionable conduct, including pre- and post-judgment interest, court costs, and any additional sums this Court deems appropriate.

#### PLAINTIFF DEMANDS A TRIAL BY JURY

Respectfully submitted,

Michael A. Durr (BPR No. 26746)
(*pro hac vice* motion forthcoming)
JENKINS & JENKINS, PLLC
800 South Gay Street, Suite 2121
Knoxville, Tennessee  37929
Phone: (865) 312-0440
Email: mdurr@j-jlaw.com

Jeffrey L. Allen (BPR No. 26782)
BRADLEY ARANT BOULT CUMMINGS LLP
1600 Division Street, Suite 700
P.O. Box 340025
Nashville, Tennessee  37203
Phone: (615) 252-2377
Email: jallen@babc.com

*Attorneys for Plaintiff Clint Higham*